RITCHIE RISK–LINKED STRATEGIES TRADING (IRELAND), LTD., et al., Plaintiffs,

v.

COVENTRY FIRST LLC, et al., Defendants.

No. 09 Civ. 1086(VM)(DF).

United States District Court, S.D. New York.

Dec. 7, 2010.

James William Halter, James Ryan Hubbard, Jeffrey Lew Liddle, Liddle & Robinson, LLP, New York, NY, for Plaintiffs.

Kenneth Jerome Brown, Richmond T. Moore, Dane Hal Butswinkas, David A. Forkner, Katherine Lindsey O'Connor, Rachel Shanahan, Thomas Patrick Windom, Williams & Connolly, LLP, Washington, DC, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

### I. BACKGROUND

Plaintiffs Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. and Ritchie Risk–Linked Strategies Trading (Ireland) II, Ltd. (together, "Plaintiffs") brought this action alleging breach by defendants Coventry First LLC, the Coventry Group, Inc., Montgomery Capital, Inc. and LST I LLC (together, "Defendants") of a series of contracts under which Plaintiffs purchased secondary-market life insurance policies from Defendants. The instant proceeding relates to various discovery disputes that arose among the parties during June and July 2010, several months

after the close of fact discovery on March 26, 2010.[1]

On November 4, 2010, Magistrate Judge Debra Freeman, to whom this matter had been referred for supervision of pretrial proceedings, issued a Memorandum and Order (the "Order"), a copy of which is attached and incorporated herein, granting Defendants' application to compel Plaintiffs to serve verified responses to Defendants' interrogatories, and denying Plaintiffs' applications (1) to permit certain of its corporate officers to view discovery materials designated as "Attorneys' Eyes Only" ("AEO") pursuant to a Stipulated Protective Order issued by the Court, (2) to compel Defendants to produce documents and information claimed by Defendants to be privileged, and (3) for leave to conduct additional fact depositions, after the close of discovery, and in excess of the ten-deposition limit set by Federal Rule of Civil Procedure 30(a)(2)(A)(i) and previously enforced by Judge Cote. Plaintiffs filed timely objections (the "Objections") challenging the Order's findings and conclusions, and Defendants submitted a brief in response. For the reasons stated below, the Court adopts the Order in part, and modifies it in part.

## II. **STANDARD OF REVIEW**

A district court evaluating a Magistrate Judge's order with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge with regard to such matters. *See* Fed.R.Civ.P. 72(a); *see also DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994).

1. On April 9, 2010, this case was reassigned to the Court's docket from the docket of Judge

## III. **DISCUSSION**

Having conducted a review of the full factual record in this litigation, including the pleadings and the parties' respective papers submitted in connection with the underlying discovery applications, as well as the Order and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the Order are not clearly erroneous and are thus warranted, except as explained below.

Specifically, the Order properly denied all three of Plaintiffs' applications. First, the Order properly denied Plaintiffs' request to allow their officers access to AEO materials, since Plaintiffs may have their outside counsel, acting as Plaintiffs' agent, answer and sign interrogatory responses. *See Shire Labs., Inc. v. Barr Labs., Inc.,* 236 F.R.D. 225, 227–28 (S.D.N.Y.2006).

Second, Defendants did not—and, indeed, could not—waive their attorney-client privilege by having one of their attorneys testify at deposition about non-privileged communications, or by summarizing in "conclusory and unrevealing terms" certain advice or impressions of their counsel. *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.,* No. 90 Civ. 7811, 1994 WL 392280, at *3 (S.D.N.Y. July 28, 1994) (citation omitted). Nor did Defendants waive privilege by placing the advice of their counsel "at issue," since they do not purport to rely on any such privileged communications. *See In re County of Erie,* 546 F.3d 222, 229 (2d Cir.2008) (holding that "a party must *rely* on privileged advice from his counsel to make his claim or defense" to place that advice at issue in the litigation (emphasis in original)).

Third, Plaintiffs have failed to satisfy their burden of demonstrating cause to exceed the ten deposition limit contemplated by the Federal Rules, *see Atkinson v. Goord,* No. 01 Civ. 0761, 2009 WL 890682, at *1 (S.D.N.Y. Apr. 2, 2009), which was enforced previously by Judge Cote, and they barely even attempt to justify their three-month delay in requesting to re-open fact discovery. *See* Fed.

Denise L. Cote, following Judge Cote's recusal.

R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause."); *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir.2009).

■ Plaintiffs are correct, however, that, with respect to Defendants' application to compel answers to certain contention interrogatories, the Order did not explicitly address Plaintiffs' objection as to the number and scope of those interrogatories. Plaintiffs contend that Defendants' interrogatories are improper because (1) they contain "49 subparts" (Obj. at 13), thus exceeding the limit of twenty-five requests under Federal Rule of Civil Procedure 33(a)(1), and (2) they "impermissibly invade Plaintiffs' protected trial strategy … [and seek a recitation of] facts Plaintiffs will rely upon, all documents Plaintiffs intend to use as exhibits, and a list of all of Plaintiffs' intended witnesses." (Obj. at 15). Plaintiffs' objection is not entirely without merit. Defendants served a total of sixteen interrogatories, eight of which contained multiple subparts requesting that Plaintiffs identify all factual, evidentiary and legal bases for their contentions in this lawsuit.[2] While interrogatories such as these may be acceptable where the subparts are factually interconnected and dependent upon the question posed by the basic interrogatory, here many of Defendants' subparts amount essentially to discrete questions in and of themselves. *See Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, No. 3:01 Civ. 2198, 2003 WL 22326563, at *1–2 (D.Conn. Mar. 7, 2003).

■ Further, while contention interrogatories are a perfectly acceptable form of discovery, *see* U.S. Dist. Ct. R.S. & E.D.N.Y., Civ. R. 33.3; *Tribune Co. v. Purcigliotti*, No. 93 Civ. 7222, 1997 WL 540810, at *2 (S.D.N.Y. Sept. 3, 1997) ("[i]t is reasonable for … defendants to be informed as to whether they are the subject of [certain] allegations, and if so, the basis for those contentions"), Defendants' requests, insofar

as they seek every fact, every piece of evidence, every witness, and every application of law to fact—rather than, for example, certain principal or material facts, pieces of evidence, witnesses and legal applications—supporting the identified allegations, are overly broad and unduly burdensome. *See Gregg v. Local 305 IBEW*, No. 08 Civ. 160, 2009 WL 1325103, at *6 (N.D.Ind. May 13, 2009); *Clean Earth Remediation & Constr. Servs., Inc. v. Am. Int'l Group Inc.*, 245 F.R.D. 137, 141 (S.D.N.Y.2007); *see also* 7–33 Moore's Federal Practice–Civil § 33.78 (explaining that contention interrogatories "must be specific, intelligible, and narrowly tailored for the case"). Similarly, Plaintiffs should not be "required to parse through documents that have already been produced to defendants, which defendants are in a position to review themselves, in order to explain the obvious." *Tribune Co.*, 1997 WL 540810, at *2.

Given Defendants' overreach in both the drafting and scope of their interrogatories, the Court declines at this juncture to wade through all of the individual subparts, striking some, compelling a response to others, and ruling on the final tally of precisely how many requests Defendants have posed and which ones Plaintiffs must answer. Instead, the Court directs the parties to meet and confer to discuss narrowing the length and scope of Defendants' requests, with the expectation that they will reach some mutually agreeable resolution of that issue. In the event that they are unable to do so, the parties may re-raise the issue with Magistrate Judge Freeman at the appropriate time.

Accordingly, for substantially the reasons set forth in the Order, the Court adopts in part the Order's factual and legal analyses and determinations, as well as its substantive rulings, and modifies the Order as described above.

---

2.  For example, Defendants' Interrogatory No. 2, dated February 23, 2010, reads:

    If Plaintiffs contend that Coventry First's Origination of any Conveyed Life Settlement Policy violated any federal, state, or local law or regulations, Compl. ¶ 29, then identify each such conveyed Life Settlement Policy by insured name and policy number and, for each

    Conveyed Life Settlement Policy identified, state the legal or theoretical basis for your contention, identify all laws, statutes or regulations you claim were violated, and state all facts and identify all witnesses and documents that support your contention.
    (Obj. at 13) (modification omitted).

## IV. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the Memorandum and Order (the "Order") of Magistrate Judge Debra Freeman dated November 4, 2010 (Docket No. 68) is adopted, except insofar as the Order requires plaintiffs Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. and Ritchie Risk–Linked Strategies Trading (Ireland) II, Ltd. to serve verified interrogatory responses no later than two weeks from the date of the Order; and further it is

**ORDERED** that the parties shall meet and confer in an attempt to reach agreement regarding the length and scope of Defendants' interrogatories, and shall present any further dispute concerning those interrogatories to Magistrate Judge Freeman.

**SO ORDERED.**

## MEMORANDUM AND ORDER

DEBRA FREEMAN, United States Magistrate Judge:

The parties to this case have placed before the Court a number of discovery disputes, including an application by Defendants to compel Plaintiffs to respond to outstanding contention interrogatories, and applications by Plaintiffs (1) to permit certain of its officers to see materials designated as "Attorneys' Eyes Only" ("AEO") under a Stipulated Protective Order previously issued by the Court, (2) to compel Defendants to produce documents and information claimed by Defendants to be privileged, and (3) for leave to conduct additional fact depositions, after the close of fact discovery and in excess of the deposition limit previously set by the Court. For the following reasons, Defendants' application is granted, and Plaintiffs' applications are denied.

### A. *Defendants' Contention Interrogatories and Plaintiffs' Request To View AEO Materials*

Plaintiffs argue that they are unable to provide verified responses to contention interrogatories served by Defendants because, as a result of a Stipulated Protective Order previously issued in this case, under which certain information was designated by Defendants as AEO, Plaintiffs' "most appropriate agents" have been denied access to materials needed to respond. (Letter to the Court from James R. Hubbard, Esq., dated Aug. 23, 2010 (Dkt. 64) at 2.) Plaintiffs therefore request that certain of their officers be allowed access to AEO materials. (*Id.*) For their part, Defendants argue, *inter alia*, that because Plaintiffs' outside counsel can verify the responses, there is no need to abrogate the Stipulated Protective Order. (Letter to the Court from David A. Forkner, Esq., dated Aug. 23, 2010 (Dkt. 66) at 3–4.)

The Court notes that Plaintiffs have requested modification of the Stipulated Protective Order numerous times over the course of the litigation, and the Honorable Denise L. Cote, to whom this case was previously assigned, denied each request. (*Id.* at 2–3.) Here, too, the Court sees no reason to modify the Stipulated Protective Order. Where a party is a "public or private corporation, a partnership, an association, or other governmental agency, ... any officer *or agent*" may answer and sign responses to interrogatories. Fed.R.Civ.P. 33(b) (emphasis added). In this case, Plaintiffs may have their outside counsel answer and sign interrogatory responses, as an agent acting on Plaintiffs' behalf. *See Shire Labs., Inc. v. Barr Labs., Inc.*, 236 F.R.D. 225, 227–28 (S.D.N.Y.2006). Accordingly, Plaintiffs' request to allow their officers access to AEO materials is denied. Plaintiffs are directed to provide verified responses to the contention interrogatories no later than two weeks from the date of this Order.

### B. *Documents and Information Claimed by Defendants To Be Privileged*

Plaintiffs seek an order compelling Defendants to produce documents and information relating to an investigation by the New York Attorney General's Office (the "NYAG"), despite Defendants' assertion that such documents and information are protected by the attorney-client privilege. Plaintiffs argue that Defendants have waived any privilege because: (1) Defendants' outside

counsel Brian Brooks and Defendants' Rule 30(b)(6) witness, who both testified regarding Defendants' knowledge of the NYAG's investigation, partially disclosed the relevant attorney-client communications during their respective depositions, and (2) Defendants have placed their communications with counsel regarding the NYAG's investigation directly at issue by relying upon such communications. (Letter to the Court from James R. Hubbard, Esq., dated Aug. 23, 2010 (Dkt. 65) ("8/23/10 Letter") at 3–4.)

Upon review of the parties' submissions, including the deposition transcripts placed before the Court by Plaintiffs, and upon consideration of the parties' arguments, the Court finds that Defendants have not waived the privilege. The parties agree that the actual communications between the NYAG and Defendants' counsel—communications that were then conveyed to Defendants—are not privileged. *See TVT Records v. Island Def Jam Music Group,* 214 F.R.D. 143, 147 (S.D.N.Y.) ("[W]here, for example, an attorney is merely conveying to his client the substance of what a third party has conveyed[,] the Court has not accepted the asserted claims of privilege"). Defendants' witnesses properly testified as to unprivileged communications with the NYAG, and then conscientiously, with guidance from counsel, asserted the privilege throughout the depositions as to any privileged information. Upon careful review of the transcripts, the Court finds that the witnesses did not disclose portions of privileged communications, so as to justify a finding of waiver. *See Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.,* No. 90 Civ. 7811, 1994 WL 392280, at *3 (S.D.N.Y. July 28, 1994); *Pinnacle Pizza Co., Inc. v. Little Caesar Enterprises, Inc.,* 627 F.Supp.2d 1069, 1075 (D.S.D. 2007).[1]

Moreover, the Court finds that Defendants have not waived attorney-client privilege by placing privileged communications at issue in this case. To find an implied or "at issue" waiver, "a party must *rely* on privileged advice from his counsel to make his claim or defense." *In re County of Erie,* 546 F.3d 222, 229 (2d Cir.2008) (emphasis in original). Here, Defendants rely on *unprivileged* communications with the NYAG, not any privileged communications with their counsel. This is insufficient to demonstrate a privilege waiver. *See id.* Accordingly, Plaintiffs motion to compel the production of documents or information as to which Defendants claim privilege is denied.[2]

**C. Plaintiffs' Request for Leave To Conduct Additional Fact Depositions**

The parties were presumptively limited to 10 depositions in this case. *See* Fed.R.Civ.P. 30(a)(2)(A)(i). On March 3, 2010, having taken eight (and noticed all 10) of their depositions, Plaintiffs moved for leave to take five additional depositions—four attorneys and one life settlement broker. In a telephonic conference before Judge Cote on March 8, the Court denied Plaintiffs' motion. (Hearing Transcript, dated Mar. 8, 2010 (Dkt. 34) ("3/8/10 Tr.").) As to the four attorneys, the Court directed Plaintiffs to take the Rule 30(b)(6) deposition that was scheduled for the following day and to renew their application if they did not obtain the information they needed. (*Id.* at 3:23–4:2.) Judge Cote explained, however, that she had just come to realize that she had a likely conflict of interest, and that, if Plaintiffs renewed their application to depose certain attorneys, she would accordingly refer it to a different judge to resolve. (*Id.* at 4:4–12.) As to the

---

1. The Court also questions whether Defendants' outside counsel had the ability to waive the privilege. *See In re von Bulow,* 828 F.2d 94, 100 (2d Cir.1987). Because the testimony would not constitute a waiver in any event, the Court need not decide this issue.

2. In their August 23, 2010 letter, Plaintiffs make a new request for production of certain non-privileged documents. (8/23/10 Letter at 2.) Plaintiffs, however, have apparently failed to meet and confer with Defendants on this new

issue (*see* Letter to the Court from David A. Forkner, Esq., dated Aug. 23, 2010 (Dkt. 67) at 4–5), and, further, Plaintiffs have not shown good cause for their failure to make their new request prior to the close of fact discovery in March 2010, *see* Fed.R.Civ.P. 16(b)(4); *Holmes v. Grubman,* 568 F.3d 329, 334–35 (2d Cir.2009) ("[T]he Court's scheduling order shall not be modified except upon a showing of good cause...."). Accordingly, Plaintiffs' request is denied.

life settlement broker, Judge Cote stated, "I don't see why that deposition shouldn't be one of the ten." (*Id.* at 4:24–5:2.) She found that there "had [not been] the kind of showing that would indicate that we should go above the ten deposition limit here, and so I am going to hold [Plaintiffs] to that...." (*Id.* at 7:7–9.)

The Rule 30(b)(6) deposition proceeded on March 9, and fact discovery in this case closed on March 26, 2010. (Pretrial Scheduling Order, dated June 2, 2009 (Dkt. 27).) On July 26, 2010, four months later, Plaintiffs moved for leave to take seven additional fact depositions and to re-open certain fact depositions that they had already conducted. (Letter to the Court from Kenneth J. Brown, dated July 26, 2010 (Dkt. 64) ("7/26/10 Letter") at 3.) Of the seven requested witnesses, only two were included in Plaintiffs' March 8 request. (*Id.*)

Having reviewed the parties' current submissions, this Court finds that Plaintiffs have failed to demonstrate good cause to re-open fact discovery. *See* Fed.R.Civ.P. 16(b)(4); *Holmes,* 568 F.3d at 334–35. At a telephonic conference before the Court on July 30, 2010, Plaintiffs principally argued that their understanding from the March 8 telephonic conference was that they should not renew any application for additional depositions until Judge Cote had resolved whether she should recuse herself from the case. Plaintiffs' stated understanding, however, would not have been justified, as Judge Cote never instructed Plaintiffs to refrain from making such an application; to the contrary, she directed the application to be made if desired, and simply explained that it would be referred to another judge to decide. (*See* 3/8/10 Tr. at 4:4–12 ("You should be aware of this: If the application with respect to the attorneys is renewed, I am not going to hear it. I am going to refer it to a colleague because I recuse myself in matters concerning [O'Melveny]. And [O'Melveny] is one of the proposed four deponents. So I just wanted to let counsel know that up front. So you're not going to be surprised if that issue with respect to those four depositions comes back to me, I am going to be referring it on for assistance to a colleague.").)

Under the circumstances, this Court sees no basis for revisiting the question of whether more depositions should be permitted. Plaintiffs have not, for example, shown that they could not have earlier anticipated the need for any of the depositions they now seek, and, to the extent Plaintiffs argue that Defendants' withholding of privileged information itself creates a need for additional discovery at this juncture, Plaintiffs' arguments are unpersuasive. At bottom, the matter of the number of appropriate depositions in this case was repeatedly addressed by another judge of this Court, and Plaintiffs should not be permitted to reopen a decided issue merely because they now find themselves before a new judge.

Plaintiffs' request for additional depositions is therefore denied.

### CONCLUSION

Plaintiffs shall serve verified responses to Defendants' contention interrogatories no later than two weeks from the date of this Order. Plaintiffs' applications to compel further discovery from Defendants are denied.

SO ORDERED.